UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JAMES EDWARD HIRD,

    Petitioner,

v.                                                                                    Case No. 6:07-cv-950-Orl-35DAB

JAMES R. MCDONOUGH, et al.,

    Respondents.
_____/

### ORDER

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. Section 2254 (Doc. No. 1). Upon consideration of the petition, the Court ordered Respondents to show cause why the relief sought in the petition should not be granted. Thereafter, Respondents filed a response to the petition for writ of habeas corpus in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases in the United States District Courts* (Doc. No. 7). Petitioner filed a reply to the response (Doc. No. 9).

Petitioner alleges four claims for relief in his habeas petition: 1) the trial court erred when it denied his motion to exclude all out-of-court and in-court identifications; 2) the trial court erred when it denied his motion to suppress the show-up identification and his statement to the police; 3) the trial court erred when it denied his request for a mistrial after the prosecutor commented on his constitutional right to remain silent; and 4) counsel was ineffective for denying Petitioner his right to testify at trial.

*I.*    *Procedural History*

Petitioner was charged by information with robbery with a firearm. Prior to trial, he

filed a Motion to Exclude Any and All Out of Court and In Court Identifications of Defendant ("Motion to Exclude") and a Motion to Suppress Show-Up Identification and Statements ("Motion to Suppress"). The trial court held a hearing on the motions and ultimately denied them.

A jury trial was held, and Petitioner was found guilty of robbery with a firearm while masked. The jury made a special finding that Petitioner personally carried a firearm during the commission of the robbery. The trial court then adjudicated Petitioner guilty of the crime and sentenced him to imprisonment for a term of twenty years. Petitioner filed a direct appeal with the Florida Fifth District Court of Appeal, which affirmed *per curiam*.

Petitioner then filed a motion for reduction or modification of sentence under Florida Rule of Criminal Procedure 3.800 with the state trial court, which was denied.

Petitioner subsequently filed a motion for postconviction relief under Florida Rule of Criminal Procedure 3.850 with the state trial court, raising five grounds. The trial court entered an order denying grounds one, three, four, and five, and requiring the State to file a response to ground two, which alleged ineffective assistance of counsel for failure to request a pretrial lineup. After the State filed its response, the trial court held an evidentiary hearing on ground two and denied it. The denial of Petitioner's Rule 3.850 motion was affirmed *per curiam* by the state appellate court.

## II.  Legal Standards

### A.  Standard of Review Under the Antiterrorism Effective Death Penalty Act ("AEDPA")

Pursuant to the AEDPA, federal habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The phrase "clearly established Federal law," encompasses only the holdings of the United States Supreme Court "as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

"[S]ection 2254(d)(1) provides two separate bases for reviewing state court decisions; the 'contrary to' and 'unreasonable application' clauses articulate independent considerations a federal court must consider." *Maharaj v. Secretary for Dep't. of Corr.*, 432 F.3d 1292, 1308 (11th Cir. 2005), *cert. denied*, 127 S. Ct. 348 (2006). The meaning of the clauses was discussed by the Eleventh Circuit Court of Appeals in *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001):

> Under the "contrary to" clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme Court] has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the United States Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

Even if the federal court concludes that the state court applied federal law incorrectly, habeas relief is appropriate only if that application was "objectively unreasonable."[1] *Id*.

---

[1] Whether a state court's decision was an unreasonable application of law must be assessed in light of the record before the state court. *Holland v. Jackson*, 542 U.S. 649, 652 (2004) (*per curiam*); *cf. Bell v. Cone*, 535 U.S. 685, 697 n. 4 (2002) (declining to consider evidence not presented to state court in determining whether its decision was contrary to federal law).

Finally, under § 2254(d)(2), a federal court may grant a writ of habeas corpus if the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." A determination of a factual issue made by a state court, however, shall be presumed correct, and the habeas petitioner shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. *See Parker*, 244 F.3d at 835-36; 28 U.S.C. § 2254(e)(1).

## B.     Standard for Ineffective Assistance of Counsel

The United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance: (1) whether counsel's performance was deficient and "fell below an objective standard of reasonableness"; and (2) whether the deficient performance prejudiced the defense.[2]  *Id*. at 687-88. A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id*. at 689-90. "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id*. at 690; *Gates v. Zant*, 863 F.2d 1492, 1497 (11th Cir. 1989).

As observed by the Eleventh Circuit Court of Appeals, the test for ineffective assistance of counsel:

has nothing to do with what the best lawyers would have done. Nor is the test

---

[2]In *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993), the United States Supreme Court clarified that the prejudice prong of the test does not focus solely on mere outcome determination; rather, to establish prejudice, a criminal defendant must show that counsel's deficient representation rendered the result of the trial fundamentally unfair or unreliable.

4

> even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. Courts also should at the start presume effectiveness and should always avoid second guessing with the benefit of hindsight. *Strickland* encourages reviewing courts to allow lawyers broad discretion to represent their clients by pursuing their own strategy. We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992) (citation omitted). Under those rules and presumptions, "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994).

### C.     *Exhaustion and Procedural Default*

One procedural requirement set forth in the AEDPA precludes federal courts, absent exceptional circumstances, from granting habeas relief unless the petitioner has exhausted all means of available relief under state law. 28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-22 (1999); *Picard v. Connor*, 404 U.S. 270, 275 (1971). Specifically, the AEDPA provides, in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
>
> > (A)     the applicant has exhausted the remedies available in the courts of the State; or
> >
> > (B)     (i)     there is an absence of available State corrective process; or
> >
> > (ii)    circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).

Thus, a federal court must dismiss those claims or portions of claims that have been denied on adequate and independent procedural grounds under state law. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). In addition, a federal habeas court is precluded from considering claims that are not exhausted but would clearly be barred if returned to state court. *Id*. at 735 n.1 (stating that if the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred, there is a procedural default for federal habeas purposes regardless of the decision of the last state court to which the petitioner actually presented his claims).

In order to satisfy the exhaustion requirement, a state petitioner must "fairly presen[t] federal claims to the state courts in order to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (citing *Picard*, 404 U.S. at 275-76) (internal quotation marks omitted). The petitioner must apprise the state court of the federal constitutional issue, not just the underlying facts of the claim or a similar state law claim. *Snowden v. Singletary*, 135 F.3d 732, 735 (11th Cir. 1998). The United States Supreme Court has observed that "Congress surely meant that exhaustion be serious and meaningful." *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 10 (1992). Furthermore, the Court explained:

> [c]omity concerns dictate that the requirement of exhaustion is not satisfied by the mere statement of a federal claim in state court. Just as the State must afford the petitioner a full and fair hearing on his federal claim, so must the petitioner afford the State a full and fair opportunity to address and resolve the claims on the merits.

*Id*.; *see also Henderson*, 353 F.3d at 898 n.25 ("Both the legal theory and the facts on

which the federal claim rests must be substantially the same for it to be the substantial equivalent of the properly exhausted claim.").

Procedural default will be excused only in two narrow circumstances. First, a petitioner may obtain federal review of a procedurally defaulted claim if he can show both "cause" for the default and actual "prejudice" resulting from the default. "To establish 'cause' for procedural default, a petitioner must demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in the state court." *Wright v. Hopper*, 169 F.3d 695, 703 (11th Cir. 1999). To establish "prejudice," a petitioner must show that there is at least a reasonable probability that the result of the proceeding would have been different. *Henderson*, 353 F.3d at 892 (citations omitted).

The second exception, known as the "fundamental miscarriage of justice," only occurs in an extraordinary case, where a "constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496 (1986). Actual innocence means factual innocence, not legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623 (1998). To meet this standard, a petitioner must "show that it is more likely than not that no reasonable juror would have convicted him" of the underlying offense. *Schlup v. Delo*, 513 U.S. 298, 327 (1995). In addition, "'[t]o be credible,' a claim of actual innocence must be based on [new] reliable evidence not presented at trial." *Calderon v. Thompson*, 523 U.S. 538, 559 (1998) (quoting *Schlup*, 513 U.S. at 324).

### III. Analysis

#### A. Claims One and Two

Petitioner maintains in claim one that the trial court erred when it denied his Motion to Exclude and in claim two that the trial court erred when it denied his Motion to Suppress.

In the Motion to Exclude, Petitioner sought to have any identifications of him excluded on the grounds that they were unreliable and might lead to a misidentification because they resulted from an "unnecessarily suggestive show-up" identification. In the Motion to Suppress, Petitioner sought to suppress the show-up identification and the statement he made about having been at the scene of the crime because the arresting officers did not have probable cause or reasonable suspicion to justify the initial seizure. After an evidentiary hearing on the motions, the trial court denied them, finding that the stop by the arresting officers was valid and that the show-up identification was valid.

The Supreme Court in *Stone v. Powell*, 428 U.S. 465 (1976), determined that "when the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Id*. at 494 (footnotes omitted). In order to be entitled to federal habeas review of a Fourth Amendment claim, the petitioner must demonstrate that he "was denied an opportunity for a full and fair litigation of that claim at trial and on direct review." *Id*. at 495 n.37. Federal courts will not consider the merits of Fourth Amendment cases merely because the state courts erred in their Fourth Amendment analysis. *See Swicegood v. State of Alabama*, 577 F.2d 1322, 1324 (5th Cir. 1978).

Petitioner was provided the opportunity for a full and fair hearing on his Motion to Exclude and Motion to Suppress before the trial court as well as the full and fair litigation of the exclusion and suppression issues on appellate review. Additionally, Petitioner does not allege he was not provided a full and fair litigation of this claim in either the trial court or appellate court. As such, he has failed to present cognizable claims on federal habeas review as to claims one and two,[3] and they are denied.[4]

## B. Claims Three

Petitioner contends in claim three that the trial court erred when it denied his request for a mistrial after the prosecutor commented on his constitutional right to remain silent.

Claim three was raised on direct appeal, but it was not properly exhausted. As discussed above, exhaustion requires a petitioner to fairly present his or her federal claims so that the state courts have a fair opportunity to apply controlling legal principles to the

---

[3]In the present case, Petitioner also mentioned, with regard to claim two, that there had been a violation of his Fifth and Fourteenth Amendment rights. However, on direct appeal he made no reference or argument as to those Amendments. Therefore, he is procedurally barred from doing so here. *See Anderson v. Groose,* 106 F.3d 242, 245 (8th Cir.) (to avoid defaulting on a claim, a petitioner seeking habeas review must present to the federal court the same factual arguments and legal theories that were presented to the state court), *cert. denied*, 521 U.S. 1108 (1997).

[4]The Court rejects Petitioner's argument that *Stone* does not apply to identification suppression issues. *See, e.g. Carter v. Goord,* 2003 WL 23198762, at *5 (E.D.N.Y. December 12, 2003) (denying, on the basis of *Stone*, the petitioner' claims that he was arrested without probable cause and that identification evidence flowing from the arrest should have been suppressed); *Montalvo v. Annetts*, 2003 WL 22962504, at *16 (S.D.N.Y. December 17, 2003) (the petitioner's claim that the police lacked probable cause to arrest him, and thus that his statements, seized property, and line-up identifications are fruits of that unlawful arrest, is a Fourth Amendment claim that is not cognizable on habeas review); *United States ex rel. Chambers v. Page*, 39 F.Supp.2d 1091 (N.D.Ill.1999) (the state courts gave full and fair consideration to defendant's Fourth Amendment challenge to the admissibility of the lineup identification evidence; thus, defendant was not entitled to habeas relief with respect to that claim).

facts bearing upon a petitioner's constitutional claim. *See Duncan*, 513 U.S. at 365-66; *Picard*, 404 U.S. at 277-78. Moreover, the petitioner must apprise the state court of the federal constitutional issue, not just the underlying facts of the claim. *See Snowden*, 135 F.3d at 735.

On direct appeal, Petitioner argued claim three as a state law claim, specifically arguing state case law and statutes. Although he vaguely mentioned that "the due process of the appellant was damaged," general allegations of the denial of the right to "due process" (or to a "fair trial") do not fairly present claims that specific constitutional rights were violated. *McMeans v. Brigand*, 228 F.2d 674, 681 (6th Cir. 2000). Thus, Petitioner did not fairly present the federal nature of his claim to the state court; therefore, claim three is procedurally barred.

Petitioner has not shown either cause or prejudice that would excuse the default. Likewise, Petitioner has neither alleged nor shown the applicability of the actual innocence exception. The entire record has been reviewed, and the Court concludes that Petitioner is unable to satisfy either of the exceptions to the procedural default bar. Therefore, this claim is procedurally barred.

## C. Claim Four

Petitioner argues that counsel was ineffective for denying him his right to testify at trial. The trial court found that this claim was refuted by the allegations in Petitioner's own motion and by the trial transcript, and the Court agrees.

Petitioner specifically mentions in his claim that he and counsel discussed whether he should testify at trial. In fact, Petitioner states in his petition that he practiced his trial

10

testimony with counsel and that counsel was concerned that Petitioner would not hold up well under cross-examination.

At trial, the trial court discussed with Petitioner whether he intended to testify. The trial court explained to Petitioner that it was his (Petitioner's) decision whether to testify and that he also had the right to remain silent. (Appendix F., Trial of Transcript at 304-05.) Petitioner indicated that he understood those rights. *Id*. at 305. Petitioner subsequently informed the trial court that he had decided not to testify at trial; that it was his (Petitioner's) decision not to testify; and that his counsel had answered all of his questions about this matter. *Id*. at 319-20. The trial court also asked Petitioner whether he was "in a situation where you wanted to testify and [counsel] wouldn't let you," and Petitioner replied "[n]o, sir." *Id*. at 319. Thus, Petitioner's own allegations and the trial transcript belie his allegation on this petition.

Moreover, Petitioner fails to demonstrate how his testimony would have affected the outcome of his trial and fails to indicate what his testimony would have been had he taken the stand. This is insufficient to satisfy the *Strickland* prejudice requirement.

The Court finds that Petitioner is not entitled to habeas relief on this claim because he has not shown that the adjudication of the claim by the state courts resulted in a decision that was contrary to, or involved an unreasonable application of, *Strickland* and its progeny.

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Petition for Writ of Habeas Corpus (Doc. No. 1) filed by James Edward Hird is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**.

2. The Clerk of the Court shall enter judgment accordingly and is directed to close this case.

**DONE AND ORDERED** in Orlando, Florida, this 23rd day of March 2009.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

Copies to:
sa 3/23
Counsel of Record
James Edward Hird